After a jury-waived trial, the defendant was convicted of possession of a class D controlled substance with the intent to distribute. On appeal, he claims the evidence is insufficient to support his conviction. We agree and therefore reverse.
After observing a car committing two civil motor vehicle infractions, a State police trooper stopped the car. The defendant was the operator and Duran Randall was the passenger. The car was not registered, and it did not belong, to either man. Both occupants were extremely nervous, with their hands shaking and their chests heaving. The car also had "quite a few" air fresheners in the passenger compartment. Upon confirming that neither the defendant nor Randall possessed a valid driver's license, the trooper decided to have the car towed. Before the tow truck arrived, the trooper conducted an inventory search of the car. In the trunk, he discovered a bag containing four individually packaged bags of marijuana weighing approximately four pounds in the aggregate. There was nothing else found in the trunk, i.e., no personal effects belonging to the defendant or Randall. No contraband, drug paraphernalia, weapons, or any indicia of drug sales, were found in the passenger compartment or in possession of either occupant. Neither of the two men made an incriminating statement at that time, and both denied ownership of the marijuana.
This case is controlled in all material respects by Commonwealth v. Garcia, 409 Mass. 675 (1991), where cocaine was discovered in the locked trunk of a vehicle that did not belong to either the defendant or the passenger. Id. at 687. The cocaine "was not within the plain view of the defendants, a circumstance which might have supported an inference that they had knowledge of it." Id. The Supreme Judicial Court held that the defendant's presence alone was not sufficient to prove knowledge and intent to control the contraband. Id. at 686-687. As such, there was insufficient evidence to prove that the Garcia had constructive possession of the cocaine.[2] Id. at 687-688.
While the nervousness of the occupants and the presence of air fresheners, viewed in the light most favorable to the Commonwealth, may be indicators of nefarious activity, see Commonwealth v. Sinforoso, 434 Mass. 320, 328-330 (2001) (nervousness); Commonwealth v. Lawson, 79 Mass. App. 322, 327-328 (2011) (air fresheners), they are alone insufficient to establish the necessary intent to control the marijuana found in the trunk. See Commonwealth v. Romero, 464 Mass. 648, 658-659 (2013). In this light, the evidence was insufficient to establish constructive possession.[3]
Judgment reversed.
Finding set aside.
Judgment for the defendant.

Here, Randall made an incriminating statement at the police station, which warranted an inference that he had knowledge of the marijuana and, in turn, justified the denial of his motion for a required finding of not guilty.

Given the result we reach, we need not discuss the defendant's alternative argument relative to the sufficiency of the evidence of his intent to distribute the marijuana.